**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DURON WILSON HENTON** | § | |
| | § | **A-16-CV-183 LY** |
| **V.** | § | **(A-13-CR-403(1) LY)** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are: Duron Wilson Henton's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 68); the Government's Response to the Movant's Motion to Vacate, Set Aside or Correct Sentence (Dkt. No. 72); Henton's Reply to the Government's Response (Dkt. No. 74); and Henton's Motion to Amend (Dkt. No. 75).[1]

The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

## I. GENERAL BACKGROUND

On September 3, 2013, Duron Wilson Henton ("Henton"), was charged in a two-count indictment with: Conspiracy to Distribute more than 100 grams of Heroin, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C); and Possession with Intent

---

[1]In his "Motion to Amend," Henton merely reiterates his previous arguments. Accordingly, the Motion to Amend (Dkt. No. 75)is DENIED.

to Distribute Heroin, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

On April 10, 2014, Henton filed a Motion to Suppress with the District Court arguing that the Court should suppress the 580 grams of Heroin seized from his vehicle after the police pulled him over for a traffic violation. Henton argued that the evidence must be suppressed because the officers had no probable cause to stop the vehicle other than for a *de minimis* traffic violation, the traffic stop was unreasonably prolonged while officers investigated matters not related to the traffic stop, his detention was prolonged and unreasonable, and the police dog's invasion of the interior of the car exceeded the permissible scope of the screening. After conducting a hearing on the Motion to Suppress, the District Court denied it, finding that "there was a legal traffic stop," that "the officers did have probable cause to stop the vehicle," and "that there was not an undue delay" between the stop and the search. Transcript of Suppression Hearing at 90-91 (Dkt. No. 58).

On May 5, 2014, Henton entered into a Conditional Plea to the Indictment whereby he reserved his right to appeal the District Court's denial of his Motion to Suppress. Dkt. No. 36. On July 9, 2014, the District Court sentenced Henton to 210 months on Counts One and Two, to be served consecutively, followed by a five-year term of supervised release and a special assessment of $200. *See* Judgment and Commitment. Dkt. No. 49. Henton filed a direct appeal of his conviction and sentence arguing that the District Court erred by failing to suppress evidence seized from his vehicle following the traffic stop. On April 20, 2015, the United States Court of Appeals for the Fifth Circuit rejected his arguments and affirmed his conviction and sentence. *See United States v. Henton,* No. 14-50749 (5th Cir. April 20, 2015).

On February 16, 2016, Henton filed a "Motion Pursuant to Federal Rule of Civil Procedure 60(d)(3) to Set Aside a Judgment for Fraud on the Court" which the undersigned construed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.[2] In his § 2255 Motion, Henton once again argues that there was no probable cause for the police to stop his vehicle and that therefore his conviction and sentence should be vacated.[3]

## II. STANDARD OF REVIEW

There are only four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Thus, section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be

---

[2]On February 22, 2016, the Court notified Henton that it intended to construe his motion as a Motion to Vacate pursuant to 28 U.S.C. § 2255. Dkt. No. 69. On March 7, 2016, Henton filed a Notice of Consent stating he wishes to proceed with his Motion being construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255. Dkt. No. 70.

[3]Although Henton had not raised a claim under *Johnson v. United States*, 135 S.Ct. 2551 (2015), in his § 2255 Motion, on April 14, 2016, the Standing Appointment Order appointing the Federal Public Defender of the Western District of Texas to represent Henton was filed in this case. Dkt. No. 73. After the Federal Public Defender examined Henton's case, however, it notified the District Court that Henton was not eligible for relief under *Johnson.* Accordingly, on June 24, 2016, the District Court exempted this case from the Standing Appointment Order filed on April 14, 2016. Dkt. No. 76. Because Henton does not raise it, and because *Johnson* does not apply to this case, the Court does not address any potential *Johnson* argument in this Report & Recommendation.

asserted in a collateral proceeding. *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992). A district court's technical application of the Guidelines does not give rise to a constitutional issue. *Id.* Violations of Rule 11 that could have been raised on direct appeal may not be presented in a collateral attack upon the defendant's sentence. *United States v. Timmreck*, 441 U.S. 780, 784 (1979). Likewise, claims that a trial court violated Rule 32 in the course of imposing a sentence may not be brought pursuant to section 2255 when such claims could have been raised on direct appeal. *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir. 1989).

A defendant who has been convicted and has exhausted or waived his right to appeal is presumed to have been fairly and finally convicted. *Placente*, 81 F.3d at 558. A "collateral challenge may not do service for an appeal." *United States v. Friday*, 456 U.S. 152, 165 (1982). Therefore, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors. *Placente*, 81 F.3d at 558.

**III. ANALYSIS**

In this motion, Henton argues that there was no probable cause for the police to stop his vehicle and that therefore his conviction and sentence should be vacated. Henton claims that the police officers who testified at his Motion to Suppress hearing and "Judge Yeakel himself committed fraud upon the court." Dkt. No. 68 at 3.

As already noted, Henton raised the same arguments in his direct appeal with the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit addressed Henton's claims in depth and concluded that the District Court correctly found that there was reasonable cause to stop Henton's vehicle in this case. Specifically, the Fifth Circuit reasoned the following:

> The district court did not err by concluding that the initial stop was based on both a traffic violation and reasonable suspicion of a drug offense, and that the detention was not unreasonably prolonged. Prior to the traffic stop, the officer was aware of information obtained from two confidential informants (CIs) and the investigation into that information. Specifically, the two CIs provided information that someone named Duron was in town from Michigan trying to sell large amounts of heroin, that Duron was tied to a residence where drugs had previously been found, and that heroin had been offered to both of the CIs. After surveillance of the residence, an officer identified a vehicle with Michigan license plates registered to Henton, who had an extensive criminal history involving large amounts of drugs. As the officer was writing out a search warrant for the residence, one of the CIs alerted him that Henton was leaving the area.
>
> Henton was pulled over for a traffic violation but also because the officers had reasonable suspicion of drug activity. *See United States v. Powell*, 732 F.3d 361, 371-72 (5th Cir. 2013). Even if the pre-stop information did not amount to reasonable suspicion justifying the stop or the prolonged detention, during the course of the ensuing traffic stop, Henton acted extremely nervous and gave conflicting information. Given the totality of the circumstances, including the information developed before and after the stop, the officer had reasonable suspicion to prolong the traffic stop and conduct the dog sniff. *See United States v. Powell*, 732 F.3d 361, 371-72 (5th Cir. 2013); *United States v. Andres*, 703 F.3d 828, 833-34 (5th Cir. 2013).
>
> Henton's vehicle was searched after the drug dog performed a sniff around the vehicle and alerted. The canine officer provided detailed testimony about the dog's behavior. The district court did not err by concluding that the alert established probable cause to search Henton's vehicle. *See Florida v. Harris*,133 S.Ct. 1050, 1056-58 and n. 2 (2013).

*United States v. Henton*, 600 F. App'x 263, 264 (5th Cir. 2015).

A claim that has been raised and resolved on direct appeal may not be revisited on collateral review. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions"), *cert. denied*, 476 U.S. 1118 (1986). Because Henton's claims were already considered and rejected by the Fifth Circuit, this Court cannot entertain them in the instant § 2255 petition. *See United States v. Fields*, 761 F.3d 443, 482 (5th Cir. 2014), *cert. denied*, 135

S.Ct. 2803 (2015) (denying a certificate of appealability where petitioner's claims were barred from collateral review because they were rejected on direct review); *United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir.1997) (holding that petitioner's claims raised and rejected in his direct appeal were "procedurally barred from collateral review")). Accordingly, Henton's § 2255 Petition must be denied.

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Duron Wilson Henton's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. No. 68).

## V.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)

(1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial or dismissal of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability shall not be issued.

SIGNED this 16th day of August, 2016.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE